**In re Thayne WRIGLEY and Charlotte Wrigley.**

**Bankruptcy No. 93–42226S.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Jan. 12, 1996.

M. Randy Rice, Trustee, Little Rock, AR.

Keith G. Rhodes, Des Arc, AR, for Thayne Wrigley and Charlotte Wrigley.

### ORDER SUSTAINING OBJECTION TO CLAIM

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the trustee's Objection to Allowance of Claim filed on September 18, 1995, to which the creditor Sheriff and Collector of Prairie County, Arkansas responded on October 5, 1995. The matter was called for trial on November 16, 1995, and, the facts being undisputed, the parties briefly presented oral argument. Thereafter, the parties briefed the legal issue for the Court whereupon the matter was under submission.

The debtor filed a Chapter 12 bankruptcy petition on October 22, 1993, but converted the case to a Chapter 7 bankruptcy case on June 7, 1994. Prior to conversion, the Prairie County Assessor's office assessed a tax liability against the debtors in the amount of $1,560.02. The county has filed a proof of claim asserting an unsecured priority claim,

11 U.S.C. section 507(a)(7),[1] in the assessed amount. The trustee objects to the proof of claim on the grounds that, under Arkansas law, the debt is secured such that the county is not entitled to distribution from the estate as a seventh priority claim.

 Under Arkansas law, the assessment of the taxes upon the real property of the debtor created a lien on the real property. The Arkansas Code provides in pertinent part:

(a) Taxes assessed upon real and personal property shall bind them and be entitled to preference over all judgments, executions, encumbrances, or liens whensoever created.

(b) All taxes assessed shall be a lien upon and bind the property assessed from the first Monday of January of the year in which the assessment shall be made and shall continue until the taxes, with any penalty which may accrue thereon, shall be paid. * * *

Ark.Code Annot. 26–34–101 (Michie 1992). The parties have not directed the Court's attention to, nor has the Court located, any Arkansas authority which requires the county to perform any other act than assessing the tax in order to be the holder of a lien on debtor's real property. Accordingly, the creditor Prairie County, Arkansas is a secured creditor in the bankruptcy case. *See* 11 U.S.C. sections 101(37); 506(a).

 Although the nature of a creditor's claim is determined under state law, *Butner v. United States,* 440 U.S. 48, 54–55, 99 S.Ct. 914, 917–18, 59 L.Ed.2d 136 (1979), the Bankruptcy Code establishes the priorities claims receive when the trustee distributes the assets of the estate. *See* 11 U.S.C. section 507; *Ohio v. Kovacs,* 469 U.S. 274, 285–86, 105 S.Ct. 705, 711, 83 L.Ed.2d 649 (1985) (O'Connor, concurring). Section 507(a)(7) provides a seventh priority for "allowed *unsecured* claims of governmental units, only to the extent that such claims are for—(B) a property tax assessed before the commencement of the case and last payable without penalty after one year before the date of the filing of the petition."[2] (Emphasis added.)

The parties have indicated without dispute that Prairie County assessed real property taxes against the debtor. Under Arkansas law such an assessment created a secured interest in favor of that governmental unit against the real property. The plain language of section 507(a)(7) provides specifically for priority only for *unsecured* property taxes. Accordingly, section 507(a)(7) is inapplicable, *see Fitch v. Jones & Lamson Machine Co., Inc. (In re Jones & Lamson Machine Co., Inc.),* 113 B.R. 124, 128 (Bankr. D.Conn.1990), and the county must look to the collateral, as Congress intended, for payment of its debt. Based upon this analysis, it is

**ORDERED** that the Trustee's Objection to Allowance of Claim filed on September 18, 1995, is hereby SUSTAINED.

**IT IS SO ORDERED.**

---

**1.** Since this case was filed prior to October 22, 1994, the Bankruptcy Reform Act of 1994 is inapplicable. Prior to the enactment of the Reform Act, certain taxes were granted a seventh priority; under the Reform Act, they are an eighth priority.

**2.** There is no dispute that were the taxes unsecured, this Code section would apply. *See generally* 11 U.S.C. section 348(d) (effect of conversion).